UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06756-R-RAO | Date | December 5, 2019 |
|---|---|---|---|
| Title | *Daniel Jesus Alikhan v. Goodrich Corporation et. al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for Preliminary Approval of Class Action Settlement [DE 73].

## I. INTRODUCTION

On November 4, 2019, plaintiff Daniel Jesus Alikhan ("Plaintiff") filed a motion for preliminary approval of class action settlement ("Motion") [DE 73]. On November 18, 2019, defendants Goodrich Corporation, Hamilton Sundstrand Corporation and United Technologies Corporation ("Defendants") filed a notice indicating that they do not oppose the Motion. [DE 75].

For the following reasons, the Court **GRANTS** the Motion.

## II. RELEVANT BACKGROUND

Defendants operated four California facilities described below and employed Plaintiff from approximately March 2014 to August 2016. Plaintiff alleges that Defendants failed to provide its employees (1) adequate meal and rest periods; (2) overtime and minimum wages; (3) wages due to discharged and quitting employees; and (4) reimbursements for work-related expenses. Plaintiff further alleges that Defendant failed to maintain and furnish accurate itemized wage statements.

The basic terms of the proposed settlement ("Settlement") provide for a putative settlement class defined as all persons who, from March 25, 2013 through April 10, 2019 (the "Class Period") worked as non-exempt employees at the four facilities located at 1120 Norwalk Boulevard, Santa Fe Springs, CA 90670; (2) 9920 Freeman Avenue, Santa Fe Springs, CA 90670; (3) 2727 East Imperial Highway, Brea, CA 92821; and (4) 5801 C Street, Beale Air Force Base, CA 95903 ("Class" or "Class Members"). The parties' stipulation provides for a non-reversionary settlement of $1,675,000.000 ("Gross Settlement Amount.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06756-R-RAO | Date | December 5, 2019 |
|---|---|---|---|
| Title | *Daniel Jesus Alikhan v. Goodrich Corporation et. al.* | | |

The Settlement Fund will be reduced by several estimated fees and costs: attorneys' fees not to exceed $558,333.33; litigation expenses not to exceed $35,000; administration costs not to exceed $21,000; a Class representative service award not to exceed $10,000; and a payment to the California Labor and Workforce Development Agency of $52,250.00. Each Class member's individual settlement will be proportional to his or her number of compensable workweeks during the Class Period. With approximately 274 in the Settlement Class, the average estimated recovery will be $6,113.14 under the Settlement.

### III. JUDICIAL STANDARD

Before a court may evaluate a class settlement, the court must first ensure that the class-qualifying criteria of Federal Rule of Civil Procedure ("Rule") 23(a) and (b) are met. *Amchem Prod. v. Windsor*, 521 U.S. 591, 621 (1997). As the party seeking class certification, the plaintiff bears the burden of demonstrating those requirements are satisfied. *Marlo v. United Parcel Servs., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). This inquiry receives "undiluted, even heightened, attention in the settlement context." *Amchem*, 521 U.S. at 620.

After completing the class certification analysis, the court must determine whether the proposed settlement is fair, adequate, and reasonable before approving it. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). Courts evaluate the settlement as a whole, rather than its individual parts, to determine its overall fairness. *Id.*

### IV. DISCUSSION

The Court first addresses whether the class can be certified for settlement purposes only, and then evaluates the fairness, adequacy, and reasonableness of the settlement. The Court concludes by considering the adequacy of Plaintiff's proposed settlement notice.

#### A. Class certification for settlement purposes

For the Court to grant class certification, Plaintiff must establish the following elements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a); *see Hanlon*, 150 F.3d at 1019. Plaintiff must also satisfy one of the requirements under Rule 23(b). *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 753 (9th Cir. 2010).

##### 1. *Numerosity*

A proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). In general, courts find the numerosity requirement satisfied when a class includes at least 40

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-06756-R-RAO | Date | December 5, 2019 |
| Title | *Daniel Jesus Alikhan v. Goodrich Corporation et. al.* | | |

members. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2nd Cir. 1995) (citing 1 *Newberg on Class Actions 2d,* (1985 Ed.) § 3.05); *see also Millan v. Cascade Water Services, Inc.*, 310 F.R.D. 593, 603 (E.D. Cal. 2015).

Here, Plaintiff counts approximately 274 people in the Settlement Class. The joinder of so many individuals would be impracticable. The numerosity requirement is therefore satisfied.

  2. <u>Commonality</u>

Rule 23(a) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[C]ommonality requires that the class members' claims 'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke.'" *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). "This does not, however, mean that every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is 'a single significant question of law or fact.'" *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Mazza*, 666 F.3d at 589).

Here, there are questions of law and fact common to members of the Settlement Class, including (1) whether Defendants' meal break policy is unlawful; (2) whether Defendants failed to compensate employees according to their hours worked; (3) whether Defendants failed to properly distribute and maintain required documentation relating to employee payroll; (4) whether Defendants unlawfully withheld certain reimbursements for business-related expenses; and (5) whether Defendants failed to provide the requisite wages upon employees' resignations or terminations.

For purposes of the Settlement, these questions are sufficient to satisfy the commonality requirement.

  3. <u>Typicality</u>

Rule 23(a) also requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Typicality is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (quoting *Marisol v. Giuliani*, 126 F.3d 372, 376 (2nd Cir.1997)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-06756-R-RAO | Date | December 5, 2019 |
| Title | *Daniel Jesus Alikhan v. Goodrich Corporation et. al.* | | |

Plaintiff's wage-and-hour claims are typical of the proposed Settlement Class because they arise from the same factual and legal bases applicable to other Class members. For instance, both Plaintiff and Class members worked for Defendants during the Class Period as non-exempt employees at Defendants' four California locations. Accordingly, Plaintiff's interests are coextensive with the interests of the Settlement Class, and Plaintiff is typical of the Settlement Class members he seeks to represent.

For purposes of the Settlement, the Court finds the typicality element is satisfied.

    4.    *Adequacy of representation*

The final Rule 23(a) requirement asks whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is satisfied if (1) the named plaintiff and his counsel have no conflicts of interest with the proposed class members, and (2) the named plaintiff and his counsel will "prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

Plaintiff and his counsel state that they have no conflict of interest with Class members. On the contrary, Plaintiff's interests are aligned with the other Class members, as he seeks payment for allegedly unpaid wages on behalf of the Class. Additionally, Plaintiff's counsel is highly experienced in wage-and-hour class litigation and has sufficient resources to pursue claims on behalf of the Class. The Court therefore finds that the adequacy prong of Rule 23(a) is satisfied

    5.    *Rule 23(b) requirements*

Once the threshold requirements of Rule 23(a) are satisfied, a class may be certified only if the class action satisfies one of the requirements under Rule 23(b). Rule 23(b)(3) provides that a class may be certified if "the court finds that questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods." Fed. R. Civ. P. 23(b)(3).

"The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, 150 F.3d at 1022 (citing *Amchem Prod.*, 521 U.S. at 622). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (citing 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1777 (2d ed. 1986)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-06756-R-RAO | Date | December 5, 2019 |
| Title | *Daniel Jesus Alikhan v. Goodrich Corporation et. al.* | | |

Here, common questions about Defendants' policies and practices apply class-wide. The wage-and-hour issues are both numerous and substantial, and a class action is the most advantageous method of dealing with the claims of the Settlement Class members. There is no indication that Defendants' policies were inconsistently applied to the Class members.

Rule 23(b) also requires that a class action be "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). This inquiry demands the "determination of whether the objectives of the particular class action procedure will be achieved in the particular case. This determination necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon*, 150 F.3d at 1023 (internal citation omitted).

As the only alternative method of resolving this case would be hundreds of individual lawsuits and settlements, class settlement is the superior method of resolution. Moreover, as Plaintiff notes in the Motion, the amount in controversy is not enough to incentivize individual litigation. *See Wolin v. Jaguar Land Rover N. Am.*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this [superiority] factor weighs in favor of class certification.").

Based on the above, the Court conditionally grants class certification for purposes of this Motion.

**B.      Preliminary approval of settlement**

Next, the Court determines whether a proposed settlement that would bind class members is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Hanlon*, 150 F.3d at 1026. Given the "dangers of collusion between class counsel and the defendant," "settlement approval that takes place prior to formal class certification requires a higher standard of fairness" than may normally be required by Rule 23(e). *Id.*

To determine whether a settlement is reasonable at preliminary approval, a court may consider the following factors:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-06756-R-RAO | Date | December 5, 2019 |
| Title | *Daniel Jesus Alikhan v. Goodrich Corporation et. al.* | | |

*Officers for Justice v. Civil Serv. Comm'n of San Francisco,* 688 F.2d 615, 625 (9th Cir.1982) (noting that the list of factors is "by no means an exhaustive list of relevant considerations").

After reviewing the parties' submissions, the Court finds that the proposed settlement is fair, adequate, and reasonable. The Court addresses the issue of attorneys' fees first.

1. *Attorneys' Fees*

Even where the parties have agreed to an amount for attorneys' fees, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable." *In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Although there are two methods to determine attorneys' fees in common fund cases—namely, the lodestar approach and the percentage approach— "the main inquiry is whether the end result is reasonable." *Cox v. Clarus Mktg. Grp.*, 291 F.R.D. 473, 482 (S.D. Cal. 2013) (citing *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000)).

Under the lodestar approach, attorneys are awarded an amount calculated by multiplying the hours reasonably expended on litigation by the reasonable hourly rate. *Bluetooth*, 654 F.3d at 941. On the other hand, the percentage method awards the prevailing attorneys a percentage of the common fund recovered for the class. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

The Settlement provides for attorneys' fees to Class Counsel in an amount up to one-third of the Gross Settlement Amount, for a maximum fee award of $558,333.33, plus reasonable litigation costs not to exceed $35,000.00. Here, the lodestar approach is unviable because Plaintiff and his counsel have not provided documentation regarding hours worked. *See* Matern Decl. [DE 73-1] ¶ 34 (Plaintiff "will submit additional information regarding the work performed and request for attorneys' fees in connection with its Motion for Attorneys' Fees, to be considered at the time of the Final Approval Hearing.") Even if counsel plans to rely on the percentage approach, there must be circumstances that justify a departure from the Ninth Circuit's "benchmark award" of 25%. *Bluetooth*, 654 F.3d 935, 942 (9th Cir. 2011).

But this Motion solely concerns the preliminary approval of the Settlement and the terms are acceptable for purposes of preliminary approval. As Plaintiff suggests, the ultimate determination of attorneys' fees will be properly addressed at the final approval stage, subject to a separate motion for attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-06756-R-RAO | Date | December 5, 2019 |
| Title | *Daniel Jesus Alikhan v. Goodrich Corporation et. al.* | | |

    2.    <u>*Remaining Settlement terms*</u>

The remaining Settlement terms are fair, adequate, and reasonable for the following reasons. First, Plaintiff states in the Motion that the Settlement terms are the product of informed, arm's-length negotiations between the parties, who were both represented by experienced attorneys. Moreover, these negotiations were conducted with the assistance of Judge Meisinger (Ret.), an experienced mediator in the field of complex wage-and-hour matters and resulted in a mediator's proposal that the parties accepted shortly thereafter.[1]

Second, the Court agrees that the investigation and discovery conducted were sufficient. Before mediation, Defendants produced wage-and-hour policy documents, collective bargaining agreements, and a sampling of timekeeping and payroll records. "Plaintiff retained a statistical analyst to analyze the sampling of Class Members' timekeeping and payroll records, which assisted Plaintiff's counsel in preparing a damages model prior to mediation."

Third, the amount offered in settlement is fair. The estimated average net recovery per person of $6,113.14 is sizeable. Even if a higher award per Class member was possible, "the very essence of a settlement is compromise." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

Fourth, Plaintiff seeks litigation costs currently estimated not to exceed $35,000. The Court finds this request to be reasonable.

Fifth, the Settlement provides for a Class Representative Service Award "not to exceed $10,000" which Plaintiff claims is payment "for the substantial risk assume by and the services undertaken by Plaintiff." The Court must consider this request using relevant factors such as:

> the actions the plaintiff has taken to protect the interest of the class; the degree to which the class has benefitted from those actions; the amount of time and effort the plaintiff expended in pursuing the litigation; and reasonable fears of workplace retaliation.

*Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). Court must carefully consider disparity between damages provided to class representatives and other class members to ensure fairness, adequacy, and reasonableness. *Id.* at 975.

---

[1] The parties represent that there are currently no known objectors, further justifying preliminary approval of the Settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06756-R-RAO | Date | December 5, 2019 |
|---|---|---|---|
| Title | *Daniel Jesus Alikhan v. Goodrich Corporation et. al.* | | |

Here, an enhanced award in favor of Plaintiff "not to exceed $10,000" is, at the very most, less than twice the average net recovery per person according to Plaintiff's well-substantiated estimates. But the Motion does not provide factual content to support this enhanced award—it summarily states that Plaintiff has undertaken risk and services on behalf of the Class. Plaintiff represents, however, that he will justify the requested award via a declaration at the final approval stage. The Court therefore approves Plaintiff's proposed enhancement award for the purposes of this stage of the approval.

Sixth, the proposed Settlement Class member release is not overly broad. "A settlement agreement may preclude a party from bringing a related claim in the future 'even though the claim was not presented and might not have been presentable in the action,' *but only where* the released claim is based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (emphasis added) (citations omitted). A proposed settlement agreement is overly broad when it fails to limit the claims released to those based on the facts alleged in the complaint. *See id.* Here, Plaintiff's and the Class members' released claims are limited to those claims "that were or could have been asserted in any version of the complaints filed in this Action… during the Class Period for Class Members." This limitation is within the parameters established by the Ninth Circuit.

Based on the above, the Court finds that the proposed Settlement is fair, adequate, and reasonable on balance.

C. **Proposed notice**

Finally, pursuant to Rule 23(e), "[t]he court must direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed. R. Civ. P. 23(e)(1). Moreover, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be reasonably identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

Here, the proposed notice sufficiently informs the Class members of (1) the nature of the litigation and the Settlement Class; (2) the essential terms of the Settlement and how to obtain benefits under the Settlement; (3) how to object to the Settlement and the consequences of doing so; (4) how to obtain additional information about the Settlement; and (5) the date and time of the proposed final approval hearing. The Settlement Administrator will provide such notice by direct mail, using the most updated address information available for Settlement Class members. Accordingly, the Court finds the proposed notice to be sufficient.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06756-R-RAO | Date | December 5, 2019 |
|---|---|---|---|
| Title | *Daniel Jesus Alikhan v. Goodrich Corporation et. al.* | | |

### V.  CONCLUSION

For the foregoing reasons, the Court finds that, for the purposes of settlement, the proposed Class meets the requirements of Rule 23(a) and (b). The Court therefore provisionally certifies the Class for settlement purposes only and **GRANTS** Plaintiff's unopposed Motion [DE 73]. Additionally, the Court approves Plaintiff's method and time frame for notifying Class members of the Settlement as set forth in Exhibit 1 to the Settlement Agreement. Matthew J. Matern, Tagore O. Subramaniam, and Julia Z. Wells are appointed as Class Counsel. Plaintiff is appointed as Class Representative. Rust Consulting, Inc. is appointed as Settlement Administrator. The Final Approval Hearing is scheduled for hearing on **March 30, 2020** at **9:30 a.m.**

**IT IS SO ORDERED.**

                                                                                                                                 :

Initials of Preparer                          vrv