**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
TAGORE O. SUBRAMANIAM (SBN 280126)
ladolph@maternlawgroup.com
JULIA Z. WELLS (SBN 314242)
jwells@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff Daniel Jesus Alikhan,
individually and on behalf of others similarly
situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JESUS ALIKHAN, an individual, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>GOODRICH CORPORATION, a corporation, and HAMILTON SUNDSTRAND, a corporation, d/b/a UTC AEROSPACE SYSTEMS; UNITED TECHNOLOGY CORPORATION, a corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 2:17-CV-06756-JGB-RAO<br><br>**CLASS ACTION**<br><br>HON. JESUS G. BERNAL COURTROOM 1<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>[Filed concurrently with Declaration of Matthew J. Matern; and [Proposed] Order Granting Final Approval of Class and Collective Action Settlement]<br><br>Date:        March 30, 2020<br>Time:        9:00 a.m.<br>Courtroom:        1 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on March 30, 2020, at 9:00 a.m., in Courtroom 1 of the United States District Court for the Central District of California, George E. Brown, Jr. Federal Building and United States Courthouse, located at 3470 Twelfth Street, Riverside, CA 92501, Plaintiff Daniel Jesus Alikhan ("Plaintiff") will and hereby does move this Court for entry of an order:

1.     Granting final approval of the proposed class and collective action settlement set forth in the Joint Agreement of Class and Collective Action Settlement and Release of Claims ("Agreement" or "Stipulation"), attached as **Exhibit A** to the Declaration of Matthew J. Matern;

2.     Find that the Notice of Class and Collective Action Settlement ("Class Notice"), Information Sheet, and Exclusion Form (collectively, the "Notice Packet") distributed to Class Members pursuant to the Court's order granting preliminary approval constituted the best notice practicable under the circumstances to all Class and Collective Members;

3.     Finally certifying the Class and Collective for settlement purposes only;

4.     Directing that compensation to the Settlement Class and Collective Members be affected pursuant to the terms of the Agreement;

5.     Approving the payment to the California Labor Workforce Development Agency in the amount of $37,687.50;

6.     Approving the Settlement Administrator's costs in the amount of $18,500[1]; and

7.     Entering final judgment in the action.

---

[1] The amount of $18,500 is less than the estimated amount of settlement administration costs of $21,000, as requested in Plaintiff's Motion for Preliminary Approval of Class Action Settlement. The difference and any remainder will be added to the Net Settlement Amount.

This motion is made on the grounds that the proposed settlement is fair, adequate, and reasonable, and the Class Notice fairly and adequately informs the Class Members of the terms of the proposed Settlement, their potential awards, their rights and responsibilities, and the consequences of the Settlement.

This motion is based on this notice, the attached memorandum of points and authorities, the Declaration of Matthew J. Matern and all exhibits thereto, including the Stipulation, all documents and records on file in this matter, and such additional argument, authorities, evidence and other matters as may be presented by the parties hereafter.  This motion is made following the conferences of counsel pursuant to Local Rule 7-3.  Defendants do not oppose this motion.

DATED:  March 13, 2020                    Respectfully submitted,


                                          MATERN LAW GROUP, PC




                              By:      /s/ Matthew J. Matern
                                       MATTHEW J. MATERN
                                       TAGORE O. SUBRAMANIAM
                                       JULIA Z. WELLS
                                       Attorneys for Plaintiff
                                       DANIEL JESUS ALIKHAN

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-3-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND.................................2

    A.     The Parties................................................................................2

    B.     Procedural History ....................................................................3

    C.     Discovery and Investigation ......................................................3

    D.     Settlement Negotiations ............................................................4

    E.     Preliminary Approval and Notice to the Class ...........................5

III.   SUMMARY OF SETTLEMENT .........................................................5

    A.     The Class..................................................................................5

    B.     The Collective ..........................................................................5

    C.     Settlement Terms ......................................................................5

        1.     Individual Settlement Award.........................................6

        2.     Class Representative Service Award..............................7

        3.     Class Counsel Award....................................................7

        4.     Payment to the LWDA. .................................................7

        5.     Settlement Administration Costs. ..................................8

    D.     Releases....................................................................................8

        1.     California Released Claims. ..........................................8

        2.     Release by Class Representative. ..................................9

        3.     FLSA Released Claims..................................................9

IV.    CLASS NOTICE HAS BEEN EFFECTUATED AND COMPORTS WITH RULE 23 AND THE REQUIREMENTS OF DUE PROCESS ...................10

V.     THE PROPOSED SETTLEMENT MERITS FINAL APPROVAL............11

    A.     The Strength of Plaintiff's Case.................................................12

    B.     The Risk, Expense, Complexity, and Likely Duration of Further Litigation ................................................................................13

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-i-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF
CLASS AND COLLECCTIVE ACTION
SETTLEMENT

C.    The Risk of Maintaining Class Action Status throughout the Trial ....14

D.    The Amount Offered in Settlement.......................................................15

E.    The Extent of Discovery Completed and the Stage of the
Proceedings ...........................................**Error! Bookmark not defined.**

F.    The Experience and Views of Class Counsel ......................................17

G.    The Presence of a Governmental Participant.......................................17

H.    Class Members' Reaction to the Proposed Settlement ........................17

I.    Fair and Honest Negotiations...............................................................18

VI.    CONCLUSION ..............................................................................................18

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3
**Federal Cases**

4
*Aarons v. BMW of N. Am., LLC,*

5
  2014 WL 4090564 (C.D. Cal. Apr. 29, 2014)..................................................11, 17

6
*Fulford v. Logitech, Inc.,*

7
  2010 U.S. Dist. LEXIS 29042 (N.D. Cal. Mar. 5, 2010) ..............................12, 13

8
*Hanlon v. Chrysler Corp.,*

9
  150 F.3d 1011 (9th Cir. ....................................................................................11

10
*In re Pacific Enters. Sec. Litig.,*

11
  47 F.3d 373 (9th Cir. 1995) ..................................................................................16

12
*In re Portal Software Secs. Litig.,*

13
  2007 WL 4171201 (N.D. Cal. Nov. 26, 2007)....................................................13

14
*In re Synocor ERISA Litigation,*

15
  516 F.3d 1095 (9th Cir. 2008) ..............................................................................11

16
*Linney v. Cellular Alaska Partnership,*

17
  151 F.3d 1234 (9th Cir. 1998) ......................................................................15, 16

18
*Molski v. Gleich,*

19
  318 F.3d 937 (9th Cir. 2003) ................................................................................17

20
*Mullane v. Central Hanover Bank & Trust Co.,*

21
  339 U.S. 306 (1950)..............................................................................................10

22
*Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.,*

23
  221 F.R.D. 523 (C.D. Cal. 2004).........................................................................17

24
*Officers for Justice v. Civil Serv. Comm'n,*

25
  688 F.2d 615 (9th Cir. 1982) ......................................................................11, 13, 15

26
*Rodriguez v. West Publ'g Corp.,*

27
  563 F.3d 948 (9th Cir. 2009) ......................................................................11, 17

28
*Saulic v. Symantec Corp.,*

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-iii-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

596 F.Supp.2d 1323 (C.D. Cal. 2009) ...................................................................10

*Staton v. Boeing Co.*,

    327 F. 938 (9th Cir. 2003) ........................................................................10, 11

*Vasquez v. Coast Valley Roofing, Inc.*,

    266 F.R.D. 482 (C.D. Cal. 2010).....................................................................12

*Young v. Polo Retail*, *LLC*,

    2007 WL 951821 (N.D. Cal. Mar. 28, 2007) .............................................13, 16

**<u>Federal Statutes</u>**

42 U.S.C. section 2000 .........................................................................................9

**<u>State Statutes</u>**

Business and Professions Code section 17200 .......................................................8

California Civil Code section 1542 .....................................................................8, 9

California Gov't Code section 12900 .....................................................................9

California Labor Code section 201 .........................................................................8

California Labor Code section 202 .........................................................................8

California Labor Code section 203 .........................................................................8

California Labor Code section 204 .........................................................................8

California Labor Code section 206.5 ......................................................................8

California Labor Code section 210 .........................................................................8

California Labor Code section 226 .........................................................................8

California Labor Code section 226.3 ......................................................................8

California Labor Code section 226.7 ......................................................................8

California Labor Code section 510 .........................................................................8

California Labor Code section 512 .........................................................................8

California Labor Code section 558 .........................................................................8

California Labor Code section 1174 .......................................................................8

California Labor Code section 1194 .......................................................................8

California Labor Code section 1194.2 ....................................................................8

California Labor Code section 1197.................................................................8

California Labor Code section 1197.1..............................................................8

California Labor Code section 1198.................................................................8

California Labor Code section 1199.................................................................8

California Labor Code section 2802.................................................................8

California Labor Code section 2698.................................................................8

California Labor Code section 2699.5..............................................................8

**Federal Rules**

Federal Rules of Civil Procedure, Rule 23(c)(2)(B) ...................................10

Federal Rules of Civil Procedure, Rule 23(e)(1)...........................................9

Federal Rules of Civil Procedure, Rule 23(e)(l)(c) ....................................10

Federal Rules of Civil Procedure, Rule 23(e) .............................................10

Federal Rules of Civil Procedure, Rule 23 .....................................................9

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

## I.    **INTRODUCTION**

On December 5, 2019, this Court granted preliminary approval of the proposed class and collective action settlement between Daniel Jesus Alikhan ("Plaintiff") and Defendants Goodrich Czorporation, Hamilton Sundstrand d/b/a UTC Aerospace Systems, and United Technology Corporation ("Defendants").    (Dkt. 77.) On December 18, 2019, this Court pursuant to a joint stipulation amended the preliminary approval order to clarify the correct class period. (Dkt. 80.) Plaintiff now seeks entry of an order granting final approval of the Joint Agreement for Settlement of Class and Collective Action and Release of Claims ("Agreement" or "Stipulation").

The proposed Agreement will dispose of this action in its entirety as to the following class:

> Plaintiff and all other persons who work or have worked as non-exempt employees of Defendant Goodrich at any time during the period from May 5, 2013 through April 10, 2019 ("Class Period") at the four facilities located at: (1) 11120 Norwalk Boulevard, Santa Fe Springs, CA 90670 ("SFS – Wheels and Brakes"); (2) 9920 Freeman Avenue, Santa Fe Springs, CA 90670 ("SFS – Carbon"); (3) 2727 East Imperial Highway, Brea, CA 92821 ("Brea"); and (4) 5801 C Street, Beale Air Force Base, CA 95903 ("Beale"). ("Class Members").

The proposed Agreement will dispose of this action in its entirety as to the following collective:

> Plaintiff and all other persons who work or have worked as non-exempt employees of Goodrich during the May 5, 2014 through April 10, 2019 ("Collective Period") for the FLSA Released Claims at the four facilities located at: (1) 11120 Norwalk Boulevard, Santa Fe Springs, CA 90670 ("SFS – Wheels and Brakes"); (2) 9920 Freeman Avenue, Santa Fe Springs, CA 90670 ("SFS – Carbon"); (3) 2727 East Imperial Highway, Brea, CA 92821 ("Brea"); and (4) 5801 C Street, Beale Air Force Base, CA 95903 ("Beale"). ("Collective Members")

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-1-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF
CLASS AND COLLECCTIVE ACTION
SETTLEMENT

If finally approved, the Agreement will create an all-inclusive, non-reversionary settlement fund in the amount of $1,675,000.00.

The Court should grant final approval, as the Agreement is fair, adequate, and reasonable.  The Agreement provides substantial benefits to the Class and Collective Members when balanced with the strength of Plaintiffs' case and the risks and expense of further litigation.  In addition, the reaction of the Class Members to the proposed Settlement has been overwhelmingly positive, as there are no objections and only one of the 378 Class Members requested exclusion. The Agreement does not suffer any obvious deficiencies or provide preferential treatment to Plaintiff or any segment of the class. Finally, the Settlement was reached through mediated arms-length negotiations, sufficient investigation and discovery allowed Class Counsel to act intelligently, and Class Counsel supports the Settlement as being in the best interests of the Class Members.

Accordingly, Plaintiffs respectfully request this Court grant Plaintiffs' Motion for Final Approval of Class Action Settlement.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Parties

During the Class Period, Goodrich operated facilities located at: (1) 11120 Norwalk Boulevard, Santa Fe Springs, CA 90670 ("SFS – Wheels and Brakes"); (2) 9920 Freeman Avenue, Santa Fe Springs, CA 90670 ("SFS – Carbon"); (3) 2727 East Imperial Highway, Brea, CA 92821 ("Brea"); and (4) 5801 C Street, Beale Air Force Base, CA 95903 ("Beale").  (Matern Decl., ¶ 4.)  Plaintiff was employed as a non-exempt Component Tech at the SFS – Wheels and Brakes facility in Santa Fe Springs, California from approximately March 2014 to approximately August 2016. (*Id.*, ¶ 5; Dkt. 62, 3:11-13).

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-2-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

### B.    Procedural History

On May 5, 2017, Plaintiff filed this putative class and representative action against Defendants Goodrich Corporation, Hamilton Sundstrand Corporation d/b/a UTC Aerospace Systems, and United Technology Corporation (collectively, "Defendants") in the Los Angeles Superior Court for the State of California, County of Los Angeles, alleging causes of action for  (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to maintain required records; (7) failure to furnish accurate itemized wage statements; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; and (9) unfair and unlawful business practices ("the Action"). (Complaint, Dkt. 1-1.) On September 14, 2017, Defendants removed the action to this Court under the Class Action Fairness Act. (Notice of Removal, Dkt. 1).

On August 11, 2017, Plaintiff filed a First Amended Complaint which added a representative action for civil penalties under the Labor Code Private Attorneys General Act of 2004. (First Amended Complaint, Dkt. 1-2.) On October 11, 2017, Plaintiff filed a Second Amended Complaint wherein he added additional details to the claims listed in his First Amended Complaint and removed the claim for Failure to Maintain Required Records. (Second Amended Complaint, Dkt. 17.) On October 8, 2019, Plaintiff filed a Third Amended Complaint, alleging a claim for unpaid wages and liquidated damages under the Fair Labor Standards Act. (Third Amended Complaint, Dkt. 71).

### C.    Discovery and Investigation

Prior to filing the Complaint, Plaintiff's counsel conducted an extensive investigation including interviewing Plaintiff, reviewing documents provided by Plaintiff and other publicly-available documents, and conducting research regarding

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-3-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

applicable California Labor Code sections and the Industrial Welfare Commission Wage Order. (Matern Decl., ¶ 8.)

The Parties also engaged in formal discovery after the Complaint was filed. Plaintiff propounded written discovery, including interrogatories, requests for admission, and requests for production of documents. (*Id.* at ¶ 9.) Following receipt of Defendants' responses, the Parties engaged in extensive meet and confer efforts and participated in an Informal Telephonic Discovery Conference with Magistrate Judge Rozella Oliver. (*Id.*) Defendants also propounded written discovery including requests for production of documents, and Plaintiff provided responses and produced over three hundred and fifty (350) pages of documents. (*Id.* at ¶ 12.)

Prior to mediation, Defendants produced, among other documents, relevant wage and hour policy documents and policies from collective bargaining agreements, and a sampling of employee time and payroll records. (*Id.* at ¶ 10.) Plaintiff retained a statistical analyst to analyze the sampling of Class Members' timekeeping and payroll records, which assisted Plaintiff's counsel in preparing a damages model prior to mediation. (*Id.*)

Thus, Plaintiffs conducted significant investigation and discovery and were well-apprised of the salient legal and factual issues before participating in the mediation.

**D.    <u>Settlement Negotiations</u>**

On December 3, 2018, the Parties participated in a private mediation session with experienced mediator Hon. Louis Meisinger (Ret.). (*Id.* at ¶ 11.) The mediation session lasted all day, but the Parties were unable to reach a resolution. *Id.* The mediation ultimately resulted in a mediator's proposal which outlined the material terms of a proposed class and collective action settlement. (*Id.*) On December 10, 2018, the Parties accepted the mediator's proposal, subject to the Parties entering into

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-4-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

a more comprehensive written settlement agreement. (*Id.*) The Stipulation was fully executed on August 27, 2019. (Stipulation, Matern Decl., Ex. A.)

### E.    Preliminary Approval and Notice to the Class

On December 5, 2019, the Court granted preliminary approval of the Agreement and directed that notice be sent to the Class.  (Dkt. 77.) On December 30, 2019, the Settlement Administrator mailed the Notice Packets to 378 Class and Collective Members.   (Schwermer Decl. at ¶ 9.)    As of March 10, 2020, the Settlement Administrator has received one valid request for exclusion and no objections.  (*Id*. at ¶¶ 15 & 16.)

## III.    SUMMARY OF SETTLEMENT

### A.    The Class

The "Class" or "Class Members" consist of all other persons who work or have worked as non-exempt employees of Goodrich during the Class Period at the four facilities located at: (1) 11120 Norwalk Boulevard, Santa Fe Springs, CA 90670 ("SFS – Wheels and Brakes"); (2) 9920 Freeman Avenue, Santa Fe Springs, CA 90670 ("SFS – Carbon"); (3) 2727 East Imperial Highway, Brea, CA 92821 ("Brea"); and (4) 5801 C Street, Beale Air Force Base, CA 95903 ("Beale"). The Class is estimated to consist of approximately 377 Class Members.  (*Id.* at ¶ 18.)

### B.    The Collective

The "FLSA Collective" or "Collective Members" means all persons who work or have worked as non-exempt employees of Goodrich during the period from May 5, 2014 to April 10, 2019 ("FLSA Release Period") at the four Goodrich facilities identified in Section III.A, above. (Stipulation, Matern Decl., Ex. A at ¶ 10.)

### C.    Settlement Terms

Under the proposed Agreement, the claims of all Class Members shall be resolved for the Gross Settlement Amount of One Million Six Hundred Seventy Five Thousand Dollars and Zero Cents ($1,675,000) which includes all Individual

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-5-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

Settlement Payments, the FLSA Individual Settlement Payments, the Class Counsel Award for fees and costs, the Class Representative Service Award, Settlement Administration Costs, all PAGA Payments, the LWDA Payment, and Defendants' share of any applicable payroll and/or unemployment taxes. (Stipulation, Matern Decl., Ex. A at ¶ 22.) No portion of the Gross Settlement Amount shall revert to Defendant or result in an unpaid residue. (Stipulation, Matern Decl., Ex. A at ¶ 59.) There is no claim form required for the California class, while the FLSA class does include an opt-in requirement. (*Id.*, Ex. A at ¶¶ 23 & 54.)

      The Gross Settlement Amount shall be allocated as follows:

      1.   <u>Individual Settlement Award</u>. All Class Members shall be eligible to receive a share of the Net Settlement Amount which means the portion of the Gross Settlement Amount that remains after accounting for any Class Representative Service Award, the portion of the PAGA Payment payable to the LWDA, Administrative Costs, the employer's share of payroll taxes on any Individual Settlement Payments, and the Class Counsel Award.

      a.  Ninety percent (90%) of the Net Settlement Amount will be allocated as the "California Released Claims Amount."

      (Stipulation, Matern Decl., Ex. A at ¶¶ 5, 58(a)(iii).)

      b.  The remaining ten percent (10%) of the Net Settlement Amount will be allocated as the FLSA Released Claims Amount. (*Id.*);

      c.  The total Individual Settlement Award payable to a Class Member includes his or her share of the FLSA Released Claims Amount (for those individuals who opt in to the FLSA collective), and his or her share of the California Released Claims Amount, which shall be paid by way of two separate checks. (Stipulation, Matern Decl., Ex. A at ¶¶ 24, 27.)

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

d. Each Participating Class Member's share of the California Released Claims and FLSA Released Claims shall be distributed on a pro rata basis according to the total number of Compensable Workweeks. (Stipulation, Matern Decl., Ex. A at ¶¶ 15, 58(a)(iv), (v).)[2]

2.   <u>Class Representative Service Award</u>.  Subject to Court approval, Plaintiff shall be paid a Class Representative Service Award not to exceed Ten Thousand Dollars ($10,000.00) for his time and effort in bringing and presenting the Action and for releasing his Released Claims.  (Stipulation, Matern Decl., Ex. A at ¶ 59(b).)

3.   <u>Class Counsel Award</u>.   Subject to Court approval, Plaintiff's Counsel shall receive an award of attorneys' fees in an amount not to exceed Five Hundred Fifty Eight Thousand Three Hundred and Thirty Three Dollars and Thirty Three Cents ($558,333.33), which equals one-third (1/3) of the Gross Settlement Amount, and reimbursement of litigation costs and expenses in an amount not to exceed Thirty Five Thousand Dollars ($35,000). Plaintiff's actual litigation costs are estimated at $31,187.93. (Stipulation, Matern Decl., Ex. A, ¶ 59(c).)

4.   <u>Payment to the LWDA</u>.   Subject to Court approval, Fifty Thousand Two Hundred and Fifty Dollars ($50,250.00) from the Gross Settlement Amount will be allocated as penalties under PAGA, of which seventy-five percent (75%), or Thirty Seven Thousand Six Hundred and Eighty Seven Dollars and Fifty Cents ($37,687.50) will be paid to the LWDA. (Stipulation, Matern Decl., Ex. A, ¶

---

[2] Individual Settlement Award checks will remain negotiable for 120 days from the date of mailing.  (Stipulation, Matern Decl., Ex. A at ¶ 59.a.iv.)  If an Individual Settlement Award check remains uncashed after 120 days from issuance, the Settlement Administrator shall transmit the amount represented by the check to Legal Aid at Work.  (*Id*.)  As to all uncashed settlement checks to Collective Members, those Collective Members will not release FLSA claims and the Settlement Administrator, after 180 days, will direct the associated funds to the California State Controller's Unclaimed Property Fund.  (*Id*.)

59(e).)   The remaining twenty-five percent (25%) of the amount allocated toward PAGA penalties (i.e., $12,562.50) shall be part of the Net Settlement Amount and will be distributed to Participating Class Members as part of their Individual Settlement Payments.  (*Id.*)

   5. <u>Settlement Administration Costs</u>.  Subject to Court approval, the Settlement Administration Costs which are estimated not to exceed Eighteen Thousand Five Hundred Dollars ($18,500.00) shall be paid from the Gross Settlement Amount. (Stipulation, Matern Decl., Ex. A at ¶ 59(d).)

  **D.** **<u>Releases</u>**

   1. <u>California Released Claims.</u>

  Upon entry of the Final Order and Judgment, each Class Member, and each of their respective executors, administrators, representatives, agents, heirs, successors, assigns, trustees, spouses, or guardians, will release each of the Released Parties of and from any and all California claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind during the Class Period that were or could have been asserted in any version of the complaints filed in this Action that are based on or arise out of the facts alleged in any version of the complaints filed in this Action, including claims under the California Industrial Welfare Commission Wage Order No. 4-2001, California Industrial Welfare Commission Wage Order No. 9-2001, any other applicable California Industrial Welfare Commission Wage Order, claims under California Labor Code sections 201, 202, 203, 204, 206.5, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, and 2698-2699.5 as well as claims under Business and Professions Code section 17200 et seq., and Labor Code section 2698 et seq. based on alleged violations of these Labor Code provisions. This release applies to any claims arising during the Class Period for Class Members. (Stipulation, Matern Decl., Ex. A at ¶ 51.)

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-8-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

As to the California Released Claims only, each Settlement Class Member waives all rights provided by California Civil Code section 1542, which states:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

(Stipulation, Matern Decl., Ex. A at ¶ 52.)

### 2. Release by Class Representative.

In addition to the release given by each Settlement Class Member, upon entry of the Final Order and Judgment the Class Representative will release claims against Defendants through the date of Final Approval, including claims arising from the Class Representative's relationship with Goodrich, including, without limitation, claims for unpaid wages and liquidated damages, under the FLSA, claims for discrimination, harassment, or retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000 *et seq.*, the California Fair Employment and Housing Act, California Gov't Code Section 12900 *et seq.*, and claims for violation of public policy. This general release also includes a waiver of rights under California Civil Code Section 1542. (Stipulation, Matern Decl., Ex. A at ¶ 53.)

### 3. FLSA Released Claims.

Any and each Collective Member's executors, administrators, representatives, agents, heirs, successors, assigns, trustees, spouses, or guardians—will release Defendants from any claim of liability that was or could have been asserted in this Action under the FLSA, including for unpaid minimum or overtime wages or liquidated damages. Collective Members who do not cash or deposit a check for their share of the FLSA Released Claims Amount do not release any FLSA claim. This release applies to any claims arising during the Class Period for Collective Members. Only Collective Members who timely cash their checks for their share of the FLSA Released Claims Amount will be deemed to have "opted in" to the Settlement for

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-9-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

purposes of the release under the FLSA, as detailed and explained on the checks sent to Collective Members. (Stipulation, Matern Decl., Ex. A at ¶ 54 & 57.)

## IV.    CLASS NOTICE HAS BEEN EFFECTUATED AND COMPORTS WITH RULE 23 AND THE REQUIREMENTS OF DUE PROCESS

Before final approval of a class action can issue, notice of the settlement must be provided to the class.  Fed. R. Civ. P. 23(e)(1).  Rule 23 requires the class receive "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  Notice to the class must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950); *Saulic v. Symantec Corp*., 596 F.Supp.2d 1323, 1327 (C.D. Cal. 2009).

In the Court's December 5, 2019 Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the Court found that the Class Notice complies with Rule 23(c)(2)(B), as it "sufficiently informs the Class members of (1) the nature of the litigation and the Settlement Class; (2) the essential terms of the Settlement and how to obtain benefits under the Settlement; (3) how to object to the Settlement and the consequences of doing so; (4) how to obtain additional information about the Settlement; and (5) the date and time of the proposed final approval hearing." (Dkt. 77, p. 8.)  The Court also found that the mailing procedure was reasonable.  (*Id*.)

The notice plan, as approved by the Court, has been fully implemented by the Settlement Administrator.  On December 30, 2019, the Settlement Administrator caused the Court-approved Notice Packets to be mailed to the Class Members via First Class mail.  (Schwermer Decl. ¶ 9.)  Of the 378 Class Members, only one Class Member, representing 0.26% of the Class, submitted a valid Request for Exclusion

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-10-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

Form.  (*Id*. at ¶ 15.)  **No Class Members objected to the Settlement**.  (*Id*. at ¶ 16.)

## V.     THE PROPOSED SETTLEMENT MERITS FINAL APPROVAL

Pursuant to Federal Rules of Civil Procedure, Rule 23(e), "The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. Proc. 23(e).  In order to approve a final settlement in a class action, the district court must find that the proposed settlement is fundamentally fair, adequate, and reasonable.  Fed. R. Civ. P. 23(e)(l)(c); *Staton v. Boeing Co*.,327 F. 938, 952 (9th Cir. 2003).   In deciding whether to grant final approval of a class action settlement, courts must "balance a number of factors:  the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp*., 150 F.3d 101l, 1026 (9th Cir. 1998); *see also Staton*, 327 F .3d at 959.   Courts also consider the arm's length nature of the settlement negotiations in their analysis.  *Aarons v. BMW of N. Am., LLC*, 2014 WL 4090564, at *10 (C.D. Cal. Apr. 29, 2014).

Although the Court possesses "broad discretion" in issuing a final determination that a proposed class action settlement is fair, "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  Courts in the Ninth Circuit have "long deferred to the private consensual decision of the parties." *Rodriguez v. West Publ'g*

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-11-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

*Corp*., 563 F.3d 948, 965 (9th Cir. 2009) (citing *Hanlon*, 150 F.3d at 1027).  In the end, "[s]ettlement is the offspring of compromise; the question [the court] addresses is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027.  In considering whether to grant final approval of a class action settlement, the Ninth Circuit has noted that "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Synocor ERISA Litigation*, 516 F.3d 1095, 1011 (9th Cir. 2008).

### A.    The Strength of Plaintiff's Case

The benefits of settlement and plaintiff's chances of success are typically evaluated together. *See Vasquez v. Coast Valley Roofing, Inc*., 266 F.R.D. 482, 488 (C.D. Cal. 2010) ("An important consideration in judging the reasonableness of a settlement is the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement.") (internal quotation mark omitted).   Here, Plaintiffs have thoroughly investigated the factual and legal bases for their claims. (Matern Decl. ¶ 34.) The proposed Settlement takes this into consideration, as well as the difficulty in establishing damages (assuming Plaintiffs were able to obtain certification and establish liability).

Under the proposed Agreement, 377 Class Members avoid the risks and obstacles to recovery and receive substantial benefits immediately.   Within 29 calendar days of the Effective Date of the Settlement, Class Members will be mailed their Individual Settlement Payments based on the total number of Compensable Workweeks they worked during the Class Period.  (*See* Stipulation, Matern Decl., Ex. A at ¶¶ 59 & 59.a.)  Assuming that the Court approves the proposed allocations, **the average estimated Individual Settlement Payment is $2,526.41**, and **the highest estimated Individual Settlement Payment is $$4,518.88.** (Schwermer Decl. ¶ 18.)  This recovery is greater than what is normally obtained in class actions

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-12-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

of this size. Additionally, the settlement has been well received by class members, none of whom objected to the settlement. One such class member contacted class counsel to express her gratitude, and was moved to tears when reflecting on the recovery and the relief it brought to her life.  (Matern Decl. ¶ 15.) Accordingly, this Settlement "guarantees a recovery that is not only substantial, but also certain and immediate, eliminating the risk that class members would be left without any recovery . . . at all." *Fulford v. Logitech, Inc*., 2010 U.S. Dist. LEXIS 29042, *8 (N.D. Cal. Mar. 5, 2010).

> **B.**     **The Risk, Expense, Complexity, and Likely Duration of Further Litigation**

Another factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of this lawsuit had settlement not been achieved.  *Officers for Justice*, 688 F.2d at 625.  Because this litigation has terminated before commencement of class certification, expert witness discovery, and trial preparation, this factor also favors settlement. *See Young v. Polo Retail, LLC*, 2007 WL 951821, *3 (N.D. Cal. Mar. 28, 2007).

To date, Defendants have vigorously litigated the case and expressed every intention of continuing their spirited defense through class certification, trial, and appeal.  (Matern Decl. ¶ 15.)  Class Counsel has extensive experience in wage and hour class action litigation and knows from experience that any case involving wage and hour claims against a major corporate employer can, and often does, lead to costly litigation that goes on for years.  (*Id*.)  Absent settlement, the next steps in the case would include Plaintiff's motion for class certification, a possible defense motion for summary judgment, the exchange of expert discovery, trial preparation, and then trial.  (*Id*.)  Considerably more risk, effort, and expense would be entailed in taking these steps.

///

Even if Plaintiff prevailed through class certification, summary judgment, and trial, Defendants would almost certainly appeal, threatening a reversal of any favorable outcome and causing significant delays in obtaining any relief for Class and Collective Members. *See In re Portal Software Secs. Litig.*, 2007 WL 4171201, *3 (N.D. Cal. Nov. 26, 2007) ("Additional consideration of increased expenses of fact and expert discovery and the inherent risks of proceeding to summary judgment, trial and appeal also support the settlement."); *Fulford*, 2010 U.S. Dist. LEXIS 29042, at *8 ("[L]iability and damages issues-and the outcome of any appeals that would likely follow if the Class were successful at trial-present substantial risks and delays for Class member recovery.").

Accordingly, this factor supports final approval of the settlement.

## C.    The Risk of Maintaining Class Action Status throughout the Trial

If litigation were to proceed, Plaintiff would also face a risk that the Court would decline to certify this case as a class action. Defendants have strenuously denied that class certification is appropriate in this case.

Plaintiff asserted that, due to the nature of Class Members' work and Defendants' practices, Class Members were consistently denied the ability to take compliant meal periods and rest breaks. (Matern Decl. ¶ 16.) On the other hand, Defendants argued that they made meal and rest periods available, and that to the extent Class Members failed to take their breaks, they did so voluntarily. Defendants contended that individual issues that would pose challenges to certification of the meal and rest break claims, including but not limited to, (1) whether any meal periods or rest breaks were non-compliant, and (2) why they were non-compliant. (*Id.*)

Plaintiff also alleged class claims for failure to pay overtime and minimum wages, in part due to Defendants' rounding policy. However, Defendants argued that individualized issues would pose challenges to certification of these claims as well, such as (a) whether each employee suffered a net loss as a result of the rounding

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-14-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

policy; (b) whether each employee was under their employer's control; (c) whether Defendants knew or should have known about each employee's work; (d) whether each employee worked in excess of 8 hours in a day and 40 hours in a week; and (e) whether Defendants knew or should have known that each Class Member performed overtime work. (*Id.*, ¶ 17.) Defendants contended that these circumstances would raise highly individualized questions of fact, and would pose challenges to certification of the claims for overtime and minimum wages. (*Id.*)

While Class Counsel disagreed with Defendants' arguments and factual contentions, Class Counsel recognized the realities of the case and the potential risks to certification. Given the risks in obtaining and maintaining class certification, this factor also favors settlement.

### D.    The Amount Offered in Settlement

The next factor relevant to a consideration of the reasonableness of the settlement is the amount offered by defendant.  As the Ninth Circuit has noted, "It is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.  The proposed settlement is [thus] not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Officers for Justice*, 688 F.2d at 625 (emphasis in original).  Rather, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Id*. at 624 (citations omitted).  "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is...inadequate and should be disapproved.'" *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998).

The proposed settlement offers a substantial recovery to Class Members given the risks of pursuing this case through trial.  The settlement provides a gross settlement amount of $1,675,000 with an estimated Net Settlement amount of

$952,458.03[3] available to the Class Members, with no amount reverting to Defendant. Each Settlement Class Member will receive a proportionate share of the settlement based on the number of weeks they worked for Defendant during the Class Period. This is a significant recovery based on the risks of obtaining and maintaining class certification and establishing liability and damages at trial on the claims set forth in the Complaint.

Accordingly, this factor favors final approval of the settlement.

### E. The Extent of Discovery Completed and the Stage of the Proceedings

Final approval is favored because substantial investigation and discovery were completed prior to settlement. "'The extent of discovery may be relevant in determining the adequacy of the parties' knowledge of the case.'" *See National Rural Telecom. Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004). "A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case.'" *Id.* The greater the amount of discovery that has been completed, the more the parties have "a clear view of the strengths and weaknesses of their cases.'" *Young*, 2007 WL 951821, at *4.

Here, the Parties agreed to the Settlement after engaging in extensive investigation and discovery. During the course of the litigation, Class Counsel (1) reviewed voluminous policy documents; (2) retained an expert to analyze time and payroll data; (3) successfully opposed defendant's motion to strike; (4) interviewed multiple putative class members; (5) propounded multiple sets of written discovery as to each of the named defendants; and (6) based on this information prepare for mediation and constructed damages model. (Matern Decl. ¶¶ 8-10.)

---

[3] The Net Settlement amount is expected to increase by approximately $6,300 as Settlement Administrator and attorney costs are lower than the original estimates as requested by way of Plaintiff's Motion for Preliminary Approval.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-16-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

Because Plaintiff and Class Counsel were well-informed regarding the strengths and weaknesses of their case at the time the Settlement was reached, this factor weighs in favor of final settlement approval.

### F.    The Experience and Views of Class Counsel

The sixth factor considers class counsel's experience and views about the adequacy of the settlement.  Reliance on such recommendations is premised on the fact that "parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). Class Counsel is qualified and experienced in handling complex wage and hour class actions and has litigated scores of class action lawsuits involving wage and hour issues in both state and federal courts.  (Matern Decl. ¶¶ 18-31.)  Through its investigation, review of discovery materials, litigation, mediation, and settlement, Class Counsel has an intimate understanding of the instant litigation and believes the Settlement is fair, adequate, and reasonable.  (Matern Decl. ¶ 17.)  Therefore, this factor also favors final approval of the Settlement.

### G.    The Presence of a Governmental Participant

This factor is neutral because no governmental entities have participated in this case. *See Aarons*, 2014 WL 4090564, at *13.

### H.    Class Members' Reaction to the Proposed Settlement

In evaluating the fairness, adequacy, and reasonableness of the settlement, courts also consider the reaction of the class to the settlement. *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003).  "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528- 29 (C.D. Cal. 2004).

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-17-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

This factor further supports settlement approval because the Class Members' reaction to the Settlement has been extremely favorable.    The Settlement Administrator provided direct notice of the Settlement via First Class mail to 378 Class Members.  (Schwermer Decl. ¶ 9.)  **Not a single Class Member submitted an objection to the Settlement.**  (*Id*. at ¶ 16.)  Additionally, only one Class Member, representing 0.26% of the Class, submitted a valid exclusion request.  (*Id*. at ¶ 15.)

Given the overall positive reaction by Class Members to the Settlement, final approval of the Settlement is proper.

### I.    <u>Fair and Honest Negotiations</u>

Evidence that a settlement agreement is the result of genuine arm's length bargaining with a private mediator after factual discovery also supports a conclusion that the settlement is fair.  *Rodriguez*, 563 F.3d at 965 ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution.").  Here, the parties negotiated the proposed Settlement at arm's length with the assistance of experienced wage-and-hour mediator Judge Meisinger (Ret.).  (Matern Decl. ¶ 12.)  Accordingly, the arms'-length nature of the negotiations also supports a finding that the Settlement is fair, adequate, and reasonable.

## VI.    CONCLUSION

Based on the foregoing argument and authority, Plaintiffs respectfully request this Court grant final approval of the Settlement.

DATED:  March 13, 2020          Respectfully submitted,

                                     MATERN LAW GROUP, PC

                    By:    <u>/s/ *Matthew J. Matern*</u>
                                MATTHEW J. MATERN
                                TAGORE O. SUBRAMANIAM
                                JULIA Z. WELLS
                                Attorneys for Plaintiff

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-18-

PLAINTIFF'S MOT. FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT